IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GRADY EUGENE CHAPPELL, # 455539**                                                          **PETITIONER**

**v.**                                                   **CIVIL ACTION NO. 1:24-cv-128-TBM-RPM**

**SHERIFF MATT HALEY**                                                                        **RESPONDENT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Petitioner Grady Eugene Chappell initiated this habeas action on May 2, 2024. At the time, he was incarcerated at the Harrison County Adult Detention Center.

On May 6, 2024, the Court ordered Chappell to either pay the filing fee, or apply for leave to proceed *in forma pauperis* by June 5, 2024. Having received no response, on June 24, 2024, the Court entered the Order to Show Cause [6]. The Court ordered Chappell to either pay the fee or show cause why the case should not be dismissed for failure to obey the Court's prior Order [3]. The response was due July 8, 2024. When Chappell did not respond, the Court entered a Second Order to Show Cause [8], on July 22, 2024, giving him one final chance to comply.

All Orders were sent to Chappell's address of record but were returned as undeliverable. To date he has neither responded, provided a change of address, nor otherwise contacted the Court. The Court has warned Chappell that failure to prosecute or comply, including keeping the Court apprised of his address, may lead to the dismissal of his Petition. [8] at pg. 1; [6] at pg. 1; [3] at pg. 1. It is apparent from Chappell's failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the petitioner's failure to obey a Court

order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 734, 737-38 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Link*, 370 U.S. at 629-30. Respondent has never been called upon to respond to the Petition nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby dismissed without prejudice for failure to prosecute and obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 30th day of August, 2024.

                                                                                          _____
                                                                                          TAYLOR B. MCNEEL
                                                                                          UNITED STATES DISTRICT JUDGE